FILED IN CHAMBERS
THOMAS W. THRASH JR.
U. S. D. C.  Atlanta

DEC  3 2007

JAMES N. HATTEN, Clerk
By *S Sewell* Deputy Clerk

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| DAVID CHARLES SUTTON, | :: | CIVIL ACTION NO. |
| Inmate # GDC 948612, EF 422136, | :: | 1:07-CV-2745-TWT-GGB |
| Petitioner, | :: | |
| | :: | |
| v. | :: | |
| | :: | |
| GWINNETT COUNTY SUPER. CT., | :: | PRISONER MANDAMUS |
| JUDGE K. DAWSON JACKSON, | :: | 28 U.S.C. § 1361 |
| Respondents. | :: | |

## ORDER AND OPINION

Petitioner, a Georgia prisoner, has submitted the instant *pro se* action seeking mandamus relief.  The matter is now before the Court for an initial screening.  For the purpose of dismissal only, leave to proceed *in forma pauperis* is hereby **GRANTED**.

### I. 28 U.S.C. § 1915A Frivolity Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or an officer or employee thereof, to determine whether the action (1) is frivolous, malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief.  A claim is frivolous when it "has little or no chance of success," i.e., when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal

theories are indisputably meritless." <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993).

## II. <u>Discussion</u>

Petitioner seeks mandamus relief in the form of an order compelling Judge Jackson of the Gwinnett County Superior Court to reconsider Petitioner's 1997 conviction and life sentence for kidnaping with bodily injury.[1] [<u>See generally</u> Doc. 1.] However, "a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." <u>Moye v. Clerk, DeKalb County Superior Court</u>, 474 F.2d 1275, 1276 (5th Cir. 1973). This Court's original mandamus jurisdiction extends only to an action "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Accordingly, this Court lacks the authority to grant Petitioner the relief he seeks herein.

---

[1] Petitioner repeatedly has attempted to obtain relief in this Court from this same conviction, having filed at least two successive habeas petitions or the equivalent. <u>See</u> <u>Sutton v. State of Ga.</u>, No. 1:07-CV-0943 (N.D. Ga. Aug. 14, 2007); <u>Sutton v. Chatman</u>, No. 1:05-CV-0191 (N.D. Ga. Mar. 4, 2005); <u>Sutton v. Chatman</u>, No. 1:00-CV-2670 (N.D. Ga. Oct. 1, 2001).

AO 72A
(Rev.8/82)

### III.  Conclusion

For the foregoing reasons, this Court finds that Petitioner's complaint is frivolous, and it is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). Petitioner's Motion to Amend [Doc. 3] and Amended Motion [Doc. 4] are **DENIED**.

**IT IS SO ORDERED** this  _30_  day of  _November_ , 2007.


_Thomas W. Thrash_
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

3